**Eileen MAJKA, Plaintiff,**

v.

**PFIZER, INC., Defendant.**

**No. 00 C 4934.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 15, 2000.

Robert S. Majeske, Querrey & Harrow, Ltd., Chicago, IL, for Plaintiff.

Stephanie Ann Scharf, William L. Kuhn, IV, Jenner & Block, Chicago, IL, for Defendant.

*MEMORANDUM OPINION
AND ORDER*

SHADUR, Senior District Judge.

Pfizer, Inc. ("Pfizer") has filed a Notice of Removal ("Notice") to bring to this District Court this personal injury action by Eileen Majka ("Majka"), originally filed against Pfizer in the Circuit Court of Cook County. For the reason briefly stated in this memorandum opinion and order, this Court sua sponte remands this action to the Circuit Court for lack of subject matter jurisdiction.

Because of the Illinois statutory prohibition against the inclusion of an express ad damnum in such personal injury actions (735 ILCS 5/2–604), Majka's brief Complaint concluded by simply "pray[ing] judgment against Pfizer, Inc. in a sum in excess of $50,000.00, plus costs" (a prayer that placed her lawsuit on the high side of the watershed separating jurisdiction of the Circuit Court's Law Division from its Municipal Division). Pfizer's counsel, obviously familiar with this District Court's LR 81.2 (which was specifically adopted to deal with that problem in personal injury cases having potential removability to the federal courts on diversity of citizenship grounds), served appropriate requests to admit and interrogatories that were intended to pin Majka down as to the damages she actually sought.

Here are Pfizer's requests for admissions and Majka's responses (emphasis in original):

Request 1. Admit that the damages actually sought by Plaintiff Majka in this case exceed $75,000 exclusive of interest and costs.

ANSWER: Plaintiff objects to the form of this Request because it has not been subject to an admission of fact as defined in the Code of Civil Procedure.

Without waiving said objection Plaintiff admits for the purposes of negotiating this case that at the present time said

damages *do not exceed $75,000.00 thousand dollars.*

Request 2. Admit that Plaintiff Majka agrees the damages award to her in this case will in no event exceed $75,000, exclusive of interest and costs.

ANSWER: Plaintiff objects to the form of this Request because it has not been subject to an admission of fact as defined in the Code of Civil Procedure. Without waiving this objection and for the purpose of negotiating this claim prior to a Jury Verdict Damage Award, Plaintiff agrees that the value of this case at this time *does not exceed $75,000.00 thousand dollars.*

And according to Notice ¶8, Majka has not responded to the First Set of Interrogatories that posed those same requests in interrogatory form.

But LR 81.2 requires more than that. In addition to a defendant having to state its good faith belief that the amount in controversy exceeds the jurisdictional amount (LR 81.2(a)(1)), which statement of *Pfizer's* belief may or may not have been satisfactorily provided in Notice ¶5,[1] LR 81.2(a)(2)(B) requires either an admission "that the damages actually sought by that plaintiff exceed the jurisdictional amount" or a "declin[ation] to agree that the damage award to that plaintiff will in no event exceed the jurisdictional amount." It unduly strains Majka's cautious responses (which are after all *denials,* albeit framed in terms of the present time rather than as a permanent guaranty) to try to fit them, in a Procrustean manner, into either of those quoted categories of *admissions.* It

may be that at some later date when the case is farther along in the Circuit Court Majka will have to acknowledge that she has raised her sights, at which point this action may qualify for removal under LR 81.2—but that time has not yet come.

Accordingly this Court finds that based on the state court proceedings to date "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. § 1447(c)), so that the just-quoted statute mandates a remand. This Court so orders, and as permitted by LR 81.2(b) it directs that the certified copy of the remand order be mailed forthwith.[2]

---

1. In that respect it must be noted that Pfizer's statement to that effect is expressly "based on the facts and pleadings described below." And in turn, all that has been "described below" is the set of Majka's responses to the requests to admit already quoted in the text. That being the case, any independent force that might have attached to Pfizer's expression of its views is lost, because the statement really amounts to an impermissible type of bootstrapping from Majka's denials (and not any admissions on her part).

2. Only one point should be added: If it were to appear in the future that the responses to Pfizer's requests to admit quoted in the text have simply been framed in an overly cute or deceptive fashion, so that Pfizer were to end up having to expend two filing fees rather than one because of a later removal that clearly does conform to LR 81.2, this Court might then consider the imposition on Majka's counsel of Pfizer's incremental costs incurred in that respect.